UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY LEE JONES, III, | ) |
| Plaintiff, | ) 2:13-cv-01171-APG-GWF |
| vs. | ) |
| DWIGHT NEVEN, *et al.*, | ) **ORDER** |
| Defendants. | ) |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On August 20, 2013, this Court entered a screening order. (ECF No. 4). In addition to screening the complaint, the Court's order of August 20, 2013 required defendants to respond to plaintiff's motion for a preliminary injunction and/or temporary restraining order. (ECF Nos. 2 & 3) (motions are identical images). On September 4, 2013, respondents filed a response to the motion. (ECF No. 7).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los*

1  *Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under
2  the Prison Litigation Reform Act (PLRA), preliminary injunctive relief must be "narrowly drawn,"
3  must "extend no further than necessary to correct the harm," and must be "the least intrusive means
4  necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

5       In his motion for a preliminary injunction and/or temporary restraining order, plaintiff alleges
6  that he is being denied kosher meals in accordance with his Jewish faith, and is instead provided
7  with a "common fare menu," which plaintiff states is not kosher. Plaintiff alleges that the common
8  fare menu is nutritionally deficient. (ECF Nos. 2 & 3).

9       Respondents have submitted the declaration of prison official Rosenberg, and two letters of
10 kosher certification, dated August 27, 2012, and August 30, 2013, signed by Rabbi Yisroel
11 Rosskamm, from Scroll K/Vaad Hakashrus of Denver, a non-profit corporation organized by the
12 Orthodox Union as qualified to certify and supervise food preparation facilities as kosher. (ECF No.
13 7, at Exhibits F & G). These documents indicates that, at High Desert State Prison, where plaintiff is
14 presently incarcerated, the prison has installed and maintained video cameras covering all areas
15 deemed necessary by Scroll/K, so that Scroll/K can verify that kosher standards are maintained.
16 (Exhibit F). Secure areas equipped with a kosher dedicated sink for washing kosher dedicated
17 equipment are maintained exclusively for the preparation of the common fare menu (defined by
18 Administrative Regulation 814). (*Id.*). The prison is inspected four to six times per year without
19 notice. (*Id.*). Scroll/K directives are followed when preparing food for the Sabbath and Jewish
20 holidays. Culinary staff are trained to ensure that the common fare menu can be certified kosher.
21 (*Id.*). Only ingredients and products approved by Scroll /K are used. (*Id.*). The common fare menu
22 has been evaluated by a registered dietician and has been found to meet or exceed the minimum
23 requirements for adult males as specified by the Recommended Dietary Allowances and the Dietary
24 Reference Intakes established by the Food and Nutrition Board Institute of Medicine, National
25 Academies. (*Id.*).

26      For purposes of plaintiff's motion for preliminary injunctive relief, respondents have

provided the Court with adequate assurances that the common fare menu is certified kosher, so that meals are in compliance with plaintiff's religious dietary needs, and that the meals are nutritionally adequate. Because a kosher menu that meets dietary recommendations is being provided, plaintiff has not established that he is likely to suffer irreparable harm. Moreover, plaintiff has not established that he is likely to succeed on the merits of this action. Further, the balance of equities tips in favor of defendants. Plaintiff's motion for a preliminary injunction and/or temporary restraining order is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a preliminary injunction and/or a temporary restraining order (ECF Nos. 2 & 3) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is now **STAYED** for **ninety (90) days**, to allow the parties an opportunity to settle this case, in accordance with the Court's order of August 20, 2013.

Dated this 4th day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE