UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY LEE JONES III, <br><br> Plaintiff, <br><br> v. <br><br> DWIGHT NEVIN, et al., <br><br> Defendants. | Case No. 2:13-cv-01171-APG-GWF <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> (Dkt. #17) |

Before the Court is Defendants Dwight Nevin, Harold Wickham, and Julio Calderon's Motion to Dismiss or in the Alternative, Motion for Summary Judgment. (Dkt. #17.) For the reasons below, the motion is granted as a Motion for Summary Judgment.

## I.   FACTUAL BACKGROUND

Plaintiff Johnny Lee Jones III is an inmate at High Desert State Prison ("HDSP"). Nevin is the prison's warden, Calderon is a chaplain, and Wickham is an associate warden (collectively, "Defendants"). (Dkt. #1 at 2.) Jones converted to Judaism on April 20, 2013. (*Id.* at 4.) After failed attempts to receive a kosher meal, he filed the Complaint at issue on July 3, 2013. Jones admits that he did not "attempt[] to resolve the dispute stated in this action by ... exhausting available administrative grievance procedures" because he was "in 'imminent danger.'" (*Id.* at 8.)

Jones alleges in Count I of his Complaint that Defendants violated his First and Eighth Amendment rights by denying Jewish inmates access to kosher meals. He alleges that High Desert State Prison's common fare menu ("CFM"), which it provides as its kosher option, is purposefully "overly redundant and distasteful" so as to discourage inmates from practicing Judaism. He alleges that the CFM is not kosher, and that the food lacks indicators such as kosher symbols or an affidavit stating the meals are kosher. He requests to be placed on a kosher diet,

and compensatory damages of $100 per day starting from April 20th, 2013 for the pain and suffering caused by the innutritious meals.

In Count II, Jones alleges that forcing Jewish inmates to fill out Document form 3060 ("Form 3060") to apply for Jewish meals violates their First Amendment right to exercise their religion. He complains that Defendants, none of whom is Jewish, have final authority on who qualifies to receive kosher meals. He claims that requiring inmates to submit Form 3060 unfairly excludes Jewish inmates who lack the mental capacity to complete it.

## II.  DISCUSSION

### A.  Jones's Failure to Respond to the Motion

As a preliminary matter, Jones has not responded to the instant motion. Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, No. 2:01–cv–1230–RLH–LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for a plaintiff's failure to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "Public policy favoring disposition of cases on their merits counsels strongly against dismissal. This 'is particularly important in civil rights cases.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)). Mindful of potential prejudice to a *pro se* incarcerated plaintiff and the public policy favoring disposition of civil rights cases on their merits, I offer the below analysis of the motion's merits.

### B.  Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), inmates seeking relief from prison conditions must exhaust available administrative remedies prior to bringing any suit challenging prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions ... until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("exhaustion is mandatory ... unexhausted claims cannot be brought in court"). "[T]he prison's requirements ... define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). However, an inmate is required to exhaust only available remedies—remedies available "as a practical matter," "capable of use," and "at hand." *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (quoting *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir.2002)).

"[T]he exhaustion question in PLRA cases should be decided as early as feasible." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014); *see also Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938) ("no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted").

A motion for summary judgment is generally the appropriate vehicle for raising the plaintiff's failure to exhaust administrative remedies because "failure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) ("[A] motion for summary judgment, as opposed to an unenumerated Rule 12(b) motion, [is the proper procedural device] to decide exhaustion...."). "But in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Jones*, 549 U.S. at 215–16; *Albino*, 747 F.3d at 1168–69 ("[S]uch cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint."); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) ("[A]ffirmative defenses may not be raised by motion to dismiss, but this is not true when, as here, the defense raises no disputed issues of fact." (citation omitted)).

3

Jones's Complaint is a stock form for civil rights complaints pursuant to 42 U.S.C. § 1983. Section D, question 3 of this form asks: "Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures?" (Dkt. #1 at 8.) Jones checked "No," and wrote as his reason: "Grievance pending. Plaintiff needs injunctive relief immediately[.] Plaintiff is in 'Imminent Danger'." *Id.* Thus, the Complaint makes clear on its face that Jones failed to exhaust available administrative remedies, and dismissal is warranted.[1]

However, summary judgment is now the preferred resolution of the exhaustion issue in this circuit. *See generally, Albino*, 747 F.3d 1162. Additionally, because the motion relies on evidence outside the Complaint to describe the administrative remedies that were available to Jones and which of those remedies he pursued, Jones's failure to exhaust may be more effectively addressed in a motion for summary judgment. As a precautionary matter, I believe summary judgment is the proper resolution here, rather than dismissal.

The Ninth Circuit recently laid out the proper procedure for pretrial determination of whether administrative remedies have been exhausted under the PLRA:

> Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit. … A summary judgment motion made by either party may be, but need not be, directed solely to

---

[1] The next question is whether to dismiss the Complaint with or without prejudice. The trend in this circuit for addressing dismissal based on exhaustion has been to dismiss without prejudice. *See, e.g., City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."). However, dismissal with prejudice is warranted where any amendment of a complaint consistent with its factual allegations would be futile. *See Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Powell v. Madden*, 2014 WL 1338271, *5 (E.D. Cal. Apr. 2, 2014) (dismissing pro se prisoner's unexhausted claim with prejudice because it "fail[ed] on the merits as a matter of law"). Because Jones's claims would fail on the merits as a matter of law, amendment would be futile, and I would dismiss his claims with prejudice.

4

the issue of exhaustion. If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue.

*Albino*, 747 F.3d at 1170–71 (citations omitted).

### a.   Available Administrative Remedies

The Nevada Department of Correction's procedures require an inmate with a grievance to navigate three levels of review: Informal, First Level Grievance, and Second Level Grievance. (Dkt. #17, exhibit A-1.) An inmate whose grievance is rejected must appeal to the next level within five calendar days. (*Id.*) This grievance process defines Jones's available administrative remedies at the time. See *Albino*, 747 F.3d at 1180 (quoting *Jones*, 549 U.S. at 218).

### b.   Findings of Fact re Exhaustion

Jones converted to Judaism on April 20, 2013. (Dkt. #1 at 4.) He filed an Emergency Grievance on May 22 and an Informal Grievance on May 23 requesting to be placed on a kosher diet since he had converted to Judaism (collectively, "Jewish Convert Grievances"). (Dkt. #17 at 5, exhibit A-5.) In his Informal Grievance, Jones requested not to be placed on the CFM, which he does not believe is kosher. (*Id.* at exhibit A-5.)

On June 2, 2013, he submitted another Informal Grievance complaining that Form 3060 is an unconstitutional religious test ("Count II Grievance"). (Dkt. #17 at 4.) On June 10, 2013, he submitted an Informal Grievance complaining that the CFM is not kosher and fails to meet nutritional requirements ("Count I Grievance"). (*Id.* at 5.)

Defendant Wickham rejected the Jewish Convert Grievances on June 13, 2013, instructing Jones that his concerns should be addressed through the prison's "Kite" system. (*Id.* at 5, exhibit A-5.) Jones did not file a First Level Grievance. (Dkt. #17 at 5.)

On July 3, 2013, Jones filed his Complaint in this Court. (Dkt. #1.) In it, he admits that he did not "attempt[] to resolve the dispute stated in this action by … exhausting available

administrative grievance procedures" because he was "in imminent danger." (*Id.* at 8) (internal quotations omitted).

Jones's Count I and Count II Grievances were both denied on August 14, 2013 (Dkt. #17 at exhibit A-2.) On August 20, he appealed both Grievances to the First Level. (*Id.*)

On October 9, 2013, Jones submitted Form 3060. (*Id.*, exhibit B.) Defendant Calderin approved Jones's request on October 30, 2013, qualifying him for the CFM. (*Id.* at 8.) The CFM is certified kosher. (Decl. of Dawn Rosenberg, *id.* at exhibit C.)

The First Level appeal of his Count II Grievance was denied on October 31, 2013, and he did not file a Second Level Grievance. (*Id.* at 5.) The First Level appeal of his Count I Grievance was denied on November 5, 2013, and he did not file a Second Level Grievance. (*Id.*)

The undisputed facts clearly establish that Jones failed to exhaust his administrative remedies, and this failure is an affirmative defense to his claims. Accordingly, summary judgment is granted in Defendants' favor.

### C. Motion for Summary Judgment on Merits

As a further precautionary measure, I find that even if Jones had exhausted his available administrative remedies or was not required to,[2] summary judgment is warranted based on the undisputed facts.

Although Jones alleges in Count I that the CFM is neither Kosher nor nutritious, the undisputed evidence shows that the CFM is both. Defendants submit as evidence—and Jones does not oppose—a declaration of a prison official and two letters of kosher certification, dated August 2012 and August 2013, signed by Rabi Yisroel Rosskamm.[3] (Dkt. #7 at exhibits C, E). Further, the CFM has been evaluated by a registered dietician and found to meet or exceed the

---

[2] An inmate is required to exhaust only remedies available to him. *Valoff*, 422 F.3d at 937. Thus, if Jones was unable to file a Second Level Grievance because he truly was in "imminent danger," failure to exhaust might be excused. (Dkt. #1 at 8.) I do not decide that issue herein.

[3] Rabi Rosskamm works with Scroll K/Vaad Hakashrus of Denver, a non-profit corporation organized by the Orthodox Union as qualified to certify and supervise food preparation facilities as kosher. (*Id.*)

accepted minimum requirements for adult males. (*Id.*) Jones's claims to the contrary are unsupported and meritless.

In Count II, Jones alleges that Form 3060 is an unconstitutional religious test. As a preliminary matter, Jones lacks standing to bring this claim because his Form 3060 was approved. (Dkt. #17 at exhibit B.) Further, in order to establish a free exercise violation, Jones must show the Defendants burdened his practice of his religion by preventing him from engaging in conduct mandated by his faith without any justification reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Form 3060 has clear, legitimate penological interests. "[A] prisoner's religious concern implicates the free exercise clause if it is (1) 'sincerely held' and (2) 'rooted in religious belief,' rather than in secular philosophical concerns." *Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). Form 3060 assesses whether an inmate's religious beliefs are sincerely held before approving for him a kosher meal. (Dkt. #17 at exhibit B.) Thus, this claim is also meritless.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #17) is GRANTED.

DATED THIS 11th day of August, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE